## MAY 1997 CALENDAR

**FROM: The District Court of the 18th Judicial District.**
**County of Gallatin.**

STATE OF MONTANA,
                    Plaintiff,                                          NO. DC 94-84
          vs.                                                          DECISION

Tareque A. Ahmed,
                    Defendant.

On January 31, 1995, it was the sentence and judgment of this Court as follows: 1. Based on the court's written judgment of October 7, 1994, the court finds the defendant guilty of Count I, Aggravated Kidnaping, a Felony, in violation of Section 45-5-303, MCA. 2. Based on the court's written Judgment of October 7, 1994, the court finds the defendant guilty of Count 2, Felony Assault, a Felony, in violation of Section 45-5-202, MCA. 3. For the offense of Aggravated Kidnaping, a Felony, the defendant shall serve a period of twenty (20) years at the Montana State Prison in Deer Lodge, Montana. Pursuant to Section 46-18-221, MCA, the court finds that the defendant used a handgun and a knife in the course of committing the offense of Aggravated Kidnaping. The court finds that none of the exceptions found in Section 46-18-222, MCA, apply in this case. The court therefore imposes an additional sentence of five years in the Montana State Prison for the defendant's use of dangerous weapons, which shall be served consecutively to the sentence imposed for Aggravated Kidnaping. The defendant's sentence under Count I is therefore twenty-five (25) years in the Montana State Prison. 4. For the offense of Felony Assault, a Felony, the defendant shall serve a period of ten (10) years at the Montana State Prison in Deer Lodge, Montana. Pursuant to Section 46-18-221, MCA, the court finds that the defendant used a handgun and a knife in the course of committing the offense of Felony Assault. The court finds that none of the exceptions found in Section 46-18-222, MCA, apply in this case. The court therefore imposes an additional sentence of five years in the Montana State Prison for the defendant's use of dangerous weapons, which shall be served consecutively to the sentence imposed for Felony Assault. The defendant's sentence under Count 2 is therefore fifteen (15) years in the Montana State Prison. 5. The sentences imposed above shall be served concurrently. The Court finds that the defendant represents a substantial danger to other persons or society. Pursuant to Section 46-18-404(1)(b), MCA, the defendant is hereby declared a dangerous offender for the purposes of parole eligibility. 7. Should the defendant be paroled, under no circumstances may he be released to any state or territory of the United States. The defendant shall remain in custody at all times unless, having been paroled, he is deported. Further, the defendant shall be ineligible for re-entry into the United States, and shall be subject to arrest and imposition of any time remaining on his sentence should he re-enter the United States or its territories. The defendant shall receive credit for three hundred two (302) days previously served in New York and the Gallatin County Detention Center from March 14, 1994, through January 11, 1995, and shall receive credit at the Gallatin County Detention Center after January 11, 1995, until his transportation to the Montana State Prison by the Gallatin County Sheriff.

On May 9, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by John Houston Pope, Attorney at Law, via phone conference call. The state was represented by Marty Lambert, County Attorney of Gallatin County.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 9th day of May, 1997.

DATED this 13th day of June, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Alternate Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank John Houston Pope, Attorney at Law, for representing Tareque Ahmed in this matter and also Marty Lambert, County Attorney of Gallatin County, for representing the State.